Filed 2/9/15  P. v. Line CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

|  |  |
|---|---|
| THE PEOPLE, | C075421 |
| Plaintiff and Respondent, | (Super. Ct. No. 13SR001) |
| v. | |
| STEVEN KENNETH LINE, | |
| Defendant and Appellant. | |

Defendant Steven Kenneth Line appeals from an order imposing 180 days with no credit for time served on a violation of postrelease community supervision (community supervision).  Defendant contends that with respect to the time imposed, the trial court did not exercise its discretion, the trial court was misled by the prosecutor, and defense counsel rendered ineffective assistance.  We do not find any error and affirm.

In 2012, defendant was convicted of felony evading in Humboldt County and was sentenced to state prison.  Upon his release from prison, he was placed on community supervision in Trinity County until November 2015.

1

On March 20, 2013, defendant admitted that he failed to report his whereabouts to his probation officer.[1] On April 17, 2013, defendant was sentenced to time served (44 actual and 44 conduct days) for the community supervision violation, was ordered to report to probation upon release from jail (in custody in the marijuana case), and was reinstated on community supervision.

On some unspecified date, defendant was released from custody. A new petition filed May 23, 2013, alleged that defendant violated community supervision by failing to report his whereabouts to his probation officer.

On September 18, 2013, defendant admitted the allegation.[2]

On November 19, 2013, the court sentenced defendant to 180 days in jail for this violation (consecutive to his sentence in the marijuana case) with no credit for time served. The trial court awarded all custody credit towards defendant's sentence in the marijuana case.[3]

Defendant contends he was denied due process in that the trial court did not exercise its discretion in setting the 180-day term but instead "apparently relied on an erroneous statement by the prosecution regarding the recommendation of the probation officer." Acknowledging that counsel failed to object on this ground and anticipating a

---

[1] The same day, March 20, 2013, defendant entered a plea of guilty to transportation of marijuana in case No. 13F045 (the marijuana case) and remained in custody in the new case. Defendant's motion to withdraw his plea was later granted.

[2] Also on September 18, 2013, in the marijuana case, defendant entered a *new plea* of guilty to felony failure to appear and possession of 28 ounces or more of marijuana. On October 15, 2013, defendant again indicated that he wanted to file a motion to withdraw his plea in the marijuana case. The record reflects that counsel determined there were no grounds for such a motion.

[3] The minutes show, "JT to be served cons w/case 13F045 Def to serve 81 days." The oral pronouncement of judgment, however, differs from the minutes and prevails here. (See *People v. Smith* (1983) 33 Cal.3d 596, 599.)

finding of forfeiture, defendant contends counsel rendered ineffective assistance, requiring remand for resentencing.  We find no error.  Defendant's failure to object to the imposition of a 180-day jail term forfeits the issue on appeal.  (*People v. Scott* (1994) 9 Cal.4th 331, 351.)  With respect to defendant's ineffective assistance claim, we conclude that defendant has failed to demonstrate that counsel's performance was deficient in not objecting.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687, 691-692 [80 L.Ed.2d 674, 693, 696]; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.)  We also conclude that in any event, there is no evidence that supports defendant's claim that the trial court was unaware of its discretion to impose less time.

" 'A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' "  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  Thus, we presume the court understood its duty unless defendant demonstrates otherwise.

The trial court imposed the maximum penalty (180 days) under Penal Code section 3455.  This was defendant's second community supervision violation for the same conduct, that is, failing to keep his probation officer apprised of his whereabouts.  The second violation occurred not long after his first violation.  For his first violation, defendant received time served or 88 days (44 actual and 44 conduct days).  Defendant's second violation was committed along with new crimes.  Prior to sentencing, defendant admitted that he intentionally avoided his probation officer to remain out of custody for as long as possible because he knew he would soon be in custody on the new case.

Prior to sentencing, the probation officer recommended that the court impose 180 days, the "maximum custodial time," with credit for 90 days based on 45 days served and 45 days of conduct credit.

At sentencing, defense counsel argued that the probation officer had recommended a sentence of credit for time served.  The prosecutor stated that the probation officer

recommended no award of credits, referring to pages "eight and nine of the report." In context, the prosecutor must have been referring to the probation report in case No. 13F045, not the community supervision case, since the probation report in the community supervision case is only five pages long. The probation officer updated the credits, stating that defendant had 162 days of credit (81 actual and 81 conduct days) in the community supervision case. The trial court noted, however, that defendant was not entitled to dual credits. The court imposed the 180-day jail term for the community supervision violation to be served consecutively to the sentence imposed in the marijuana case and applied all the custody credits towards the marijuana case. After awarding the credits, the court stated that it may have "muddled it" and asked defense counsel if she had any comment. It appears that the court was referring to its failure to ask for defense counsel's comment because the court recessed to allow defense counsel more time to consider sentencing. After more discussion of the sentence and the credits, the court passed the matter. Thereafter, defense counsel had no comment on sentencing, presumably recognizing that defendant is not entitled to dual credits. (Pen. Code, § 2900.5, subd. (b).)

Defendant has failed to demonstrate on this record that the trial court did not exercise its discretion or was misled or that defense counsel's performance was deficient.

DISPOSITION

The judgment (order imposing 180 days for violation of community supervision) is affirmed.

                                      _____ROBIE_____, J.

We concur:

_____HULL_____, Acting P. J.

_____MAURO_____, J.

5